UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHRI SINANAN,

                Plaintiff,

– against –

ROBERT SHERIDAN and REGENCY TRANSPORTATION, INC.,

                Defendants.

**ORDER**

17 Civ. 2282 (ER)

RAMOS, D.J.:

      Rashri Sinanan filed a complaint in Bronx Supreme Court against Robert Sheridan and Regency Transportation, Inc. ("Defendants") seeking damages for a motor vehicle accident. Doc. 1. On March 29, 2017, Defendants removed the case to federal court. *Id*. Since then, Defendants have neither responded to the complaint nor communicated with the Court. Nor has Plaintiff moved for default judgment. On November 4, 2020, the Court issued an order for Plaintiff to show cause why the Court should not dismiss this case for failure to prosecute by letter by November 18, 2020. Doc. 6. The Court further warned Plaintiff that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)." *Id*. Plaintiff has not responded. Because Plaintiff has failed to prosecute his case, the Court dismisses his claims with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

      **I.**      **Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,

> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.     Discussion

All five *LeSane* factors weigh in favor of dismissing this case for failure to prosecute. *First*, there has been no substantive activity in this case since it was removed to federal court over three years ago. A three-year delay is unreasonable. *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *2 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *6-7 (S.D.N.Y. June 18, 2020).

*Second*, Plaintiff had notice that this case would be dismissed if he failed to respond. The Court specifically warned Plaintiff that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)." Doc. 6. Despite having been so warned, Plaintiff has not contacted the Court.

*Third*, prejudice can be presumed from Plaintiff's unreasonable delay. *Dixon*, 2020 WL 4347736, at *3 ("when a Plaintiff's delay is lengthy and inexcusable prejudice can be presumed.") (citation omitted); *McNair*, 2020 WL 3402815, at *7.

*Fourth*, Plaintiff has not taken advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Fifth*, no weaker sanctions would remedy Plaintiff's failures in this case.  Plaintiff has allowed his case to languish for over three years and has ignored the Court's November 4, 2020 order, despite the Court's warning that failure to comply with Court orders may result in dismissal.  Because Plaintiff "appears to have abandoned the litigation, dismissal is appropriate." *Dixon*, 2020 WL 4347736, at *3; *McNair*, 2020 WL 3402815, at *7 (citing apparent abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.


Dated:   November 20, 2020
         New York, New York

                                                _____
                                                 EDGARDO RAMOS, U.S.D.J.